THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FREIGHTLINER OF UTAH, LLC dba WARNER TRUCK CENTER, a Utah limited liability company, | ) ) ) | Case No. 2:07cv00105 |
| Plaintiff, | ) | |
| vs. | ) ) | O R D E R |
| TEREX ADVANCE MIXER, INC., a Delaware Corporation | ) ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the Court on defendant's motion to dismiss plaintiff's fraud claim on grounds that plaintiff has failed to plead fraud claim with sufficient particularity.

Rule 9(b), Fed. R. Civ. P., states that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In <u>Koch v. Koch Industries</u>, Inc., 203 F.3d 1202, 1236-1237 (10th Cir. 2000), the court states that a complaint alleging fraud must "set forth the time, place, and content of the false representation, the identity of the party making the false statements and the consequences thereof." This is consistent with other 10th Circuit cases which hold that Rule 9(b) requires "a plaintiff set forth the who, what, when, where, how of the alleged fraud." <u>U.S. ex rel Sikkenga v. Regence BlueCross</u>, 472 F.3d 702, 727 (10th Cir. 2006).

Plaintiff's allegations regarding fraud fail to meet the particularity standard established by the Tenth Circuit in <u>Koch</u> for pleading fraud under Rule 9(b). Plaintiff makes only generalized allegations concerning misrepresentations and fails to state a sufficiently precise time frame beyond the year of the initial approach when communications began, fails to name the place of the alleged misrepresentations, fails to identify specifically the representatives that made the fraudulent misrepresentations and to whom specifically they were made, and fails to state the particulars of the representations and promises in terms of specific content which plaintiff contends were false when made.

IT IS HEREBY ORDERED that plaintiff must amend it's Complaint to meet the particularity standard for fraud claims established by the Tenth Circuit for pleading fraud under Rule 9(b). If the Court does not receive such an amendment from plaintiff within thirty days, the Court will dismiss plaintiff's fraud claim.

DATED this 19th day of June, 2007.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT