THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FREIGHTLINER OF UTAH, LLC dba    )    Case No. 2:07cv00105 DS
WARNER TRUCK CENTER, a Utah
limited liability company,       )

        Plaintiff,            )

    vs.                              )
                                       O R D E R
                                  )
TEREX ADVANCE MIXER, INC., a
Delaware Corporation             )

        Defendant.            )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

      This matter is before the Court on defendant's motion to dismiss plaintiff's fraud claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      In response to the court's earlier dismissal of plaintiff's fraud claim for failure to plead with particularity, plaintiff supplemented its fraud allegations in the Amended Complaint filed July 19, 2007.  Although plaintiff added allegations which met the requirements of Rule 9 of the Federal Rules of Civil Procedure, defendant argues that the fraud claim must still be dismissed for failure to state a claim for relief.  Defendant argues that plaintiff's additional allegations regarding fraud relate to representations of future action by Terex Advance, not present intention or facts.  The motion to dismiss is fully briefed and the

court is prepared to issue the following ruling without the assistance of oral argument.  See DUCivR 7-1(f).

The court has reviewed the parties' statements of material fact and allegations contained in the Amended Complaint and finds there is nothing which would prevent the court from ruling on the question before it.[1]  Taking all well-pleaded facts as true, the court finds the parties' course of dealing is not in dispute, there appears to be  no dispute about meetings that were held or representations that were made.

Turning to the critical question of whether plaintiff's allegations present evidence of fraud, the Utah Supreme Court has established the elements of fraud to require:

> (1)[t]hat a representation was made; (2)concerning a presently existing material fact; (3)which was false; (4)which the representor either (a)knew to be false, or (b)made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7)did in fact rely upon it; (8)and was thereby induced to act; (9) to his injury and damage.

Prince v. Bear River Mut. Ins. Co., 56 P.3d 524, 536, 537 (2002). Plaintiff argues that the representation at the center of its fraud claim is defendant's "continued reassurance to Warner Truck that

---

[1] A Plaintiff's objection to Paragraph 10 of Terex's Statement of the Facts Section in Terex's Memo in support does not affect the court's ability to find there is no dispute of material fact.  The objection is difficult to understand and seems at most to be arguing a distinction that is without difference.

their relationship would continue and continue to improve, as it had for the last eight years, in September/October 2006, while Terex was preparing to terminate the relationship unilaterally and monopolize the benefits of Warner Truck's hard work and investment of time, money and reputation."  Memo in Opp. at 8.  Plaintiff apparently feels the facts cited regarding the "change in behavior" by defendant including but not limited to the request for a detailed business plan indicate "setting the stage for unilateral termination of its relationship." Id. at 10.  Despite the fact that defendant may have committed acts at a later date that were inconsistent with the alleged representations and promises made over the 8 years the parties were in business together, the court cannot find that there are allegations to support finding that defendant had the necessary present intent to deceive at the time the representations were made. In other words, there is insufficient evidence of a present or preconceived intent not to perform in the future.  See Schow v. Guardtone, Inc., 18 Utah 2d 135, 138, 417 P.2d 643, 645 (Utah 1966).

    Accordingly, accepting the well-pleaded allegations as true, the court finds no allegation that defendant did not intend to keep its promises or representations at the time they were made. Without this critical element, plaintiff's fraud claim fails.

IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's fraud claim is granted.

DATED this 26th day of September, 2007.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT